IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Escort Inc., | Case No.: 1:12-cv-00937 |
| Plaintiff, | |
| v. | Judge: |
| K-40 Electronics, LLC, | |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Escort Inc., by its attorneys and for its Complaint, alleges against K-40 Electronics, LLC as follows:

**THE PARTIES**

1. Plaintiff Escort Inc. ("Escort") is a leader in the manufacture and sale of radar detectors, and has its principal place of business located at 5440 West Chester Road, West Chester, Ohio 45069.

2. Upon information and belief, Defendant K-40 Electronics, LLC ("K-40") is a limited liability company organized pursuant to the laws of Illinois with its principal place of business at 600 Tollgate Road, Elgin, Illinois 60123. On information and belief, K-40 does substantial, continuous, and systematic business in the State of Ohio, including in the Southern District of Ohio and within the jurisdiction of the Western Division of the United States District Court for the Southern District of Ohio. Additionally, upon information and belief, K-40 has sold radar detectors that are the subject of this Complaint directly or through one or more

1

distributors, sales agents, authorized resellers, dealers, and/or warranty centers within this judicial district.

## JURISDICTION AND VENUE

3. This is an action for patent infringement and arises under the patent laws of the United States, Title 35, United States Code. This action also arises under the trademark laws of the United States and the Lanham Act, 15 U.S.C. § 1051 *et seq*. This action also arises under state statutory and common law. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§1331, 1338(a)-(b), and 1367(a), and 15 U.S.C. § 1121(a).

4. On information and belief, based upon the substantial, continuous and systematic business activities of K-40 in the State of Ohio, including the Southern District of Ohio and within the jurisdiction of the Western Division of the United States District Court for the Southern District of Ohio, and K-40's purposefully directed activities to residents of the State of Ohio, this Court has personal jurisdiction over K-40. Moreover, K-40 has committed acts of infringement within this district by selling and/or offering for sale infringing products.

5. Venue is proper in this judicial district under 28 U.S.C. §§1391(b)-(c), and 1400(b).

## BACKGROUND FACTS

6. On December 30, 2003, the United States Patent and Trademark Office issued United States Letters Patent No. 6,670,905, entitled "Radar Warning Receiver with Position and Velocity Sensitive Functions" ("the '905 patent"). A true and correct copy of the '905 patent is attached hereto as Exhibit 1.

7. Escort holds all right, title and interest in and to the '905 patent with full rights to pursue recovery of royalties or damages for infringement of the '905 patent, including full rights to recover past and future damages.

8. On August 16, 2011, the United States Patent and Trademark Office issued United States Letters Patent No. 7,999,721, entitled "Radar Detector with Navigational Function" ("the '721 patent"). A true and correct copy of the '721 patent is attached hereto as Exhibit 2.

9. Escort holds all right, title and interest in and to the '721 patent with full rights to pursue recovery of royalties or damages for infringement of the '721 patent, including full rights to recover past and future damages.

10. Upon information and belief, K-40 has manufactured and/or sold, and is currently manufacturing and/or offering for sale, radar detectors, including its RL360i and RL200i radar detectors ("K-40 radar detectors").

### Count I – Infringement of U.S. Letters Patent No. 6,670,905

11. This count is for patent infringement under 35 U.S.C. § 271.

12. The allegations of paragraphs 1-11 are incorporated herein by reference as though fully set forth herein.

13. Upon information and belief, K-40 has made, used, offered for sale or sold radar detectors which infringe claims of the '905 patent. Upon information and belief, these K-40 radar detectors have been and/or are being offered for sale and/or sold by K-40, its distributor(s),

dealer(s), and/or its sales agent(s) within the geographic boundary of the Western Division of the United States District Court of the Southern District of Ohio.

14. K-40 has infringed, contributed to the infringement and/or induced others to infringe the '905 patent and, unless enjoined, will continue to do so by making, using, selling or offering for sale products that are claimed by the '905 patent and contributing to or inducing others to make, use, sell or offer for sale products claimed by the '905 patent without license or permission from Escort.

15. Upon information and belief, the acts of infringement complained of herein are being carried out willfully and with full knowledge by K-40 of the '905 patent.

16. As a result of K-40's actions, Escort has suffered and continues to suffer substantial injury, including irreparable injury, which will result in damages to Escort, including loss of sale and profits, which Escort would have made but for the acts of infringement by K-40, unless K-40 is preliminarily and permanently enjoined from infringing the '905 patent.

## Count II – Infringement of U.S. Letters Patent No. 7,999,721

17. This count is for patent infringement under 35 U.S.C. § 271

18. The allegations of paragraphs 1-17 are incorporated herein by reference as though fully set forth herein.

19. Upon information and belief, K-40 has made, used, offered for sale or sold radar detectors which infringe claims of the '721 patent. Upon information and belief, these K-40 radar detectors have been and/or are being offered for sale and/or sold by K-40, its distributor(s),

dealer(s), and/or its sales agent(s) within the geographic boundary of the Western Division of the United States District Court of the Southern District of Ohio.

20. K-40 has infringed, contributed to the infringement and/or induced others to infringe the '721 patent and, unless enjoined, will continue to do so by making, using, selling or offering for sale products that are claimed by the '721 patent and contributing to or inducing others to make, use, sell or offer for sale products claimed by the '721 patent without license or permission from Escort.

21. Upon information and belief, the acts of infringement complained of herein are being carried out willfully and with full knowledge by K-40 of the '721 patent.

22. As a result of K-40's actions, Escort has suffered and continues to suffer substantial injury, including irreparable injury, which will result in damages to Escort, including loss of sale and profits, which Escort would have made but for the acts of infringement by K-40, unless K-40 is preliminarily and permanently enjoined from infringing the '721 patent.

### Count III - False Designation of Origin

23. This count is for false designation of origin under 15 U.S.C. § 1125(a).

24. The allegations of paragraphs 1-23 are incorporated by reference as though fully set forth herein.

25. On information and belief, K-40 is marketing, offering for sale and selling radar detectors and is doing so without designating the country of origin of those radar detectors, or is improperly designating the country of origin of those radar detectors.

26. K-40's omission or improper designation of the country of origin of its radar detectors in its sales and marketing efforts misleads the consuming public and tends falsely to represent or designate the origin K-40's products.

27. K-40's omission or improper designation of the country of origin of its radar detectors in its sales and marketing efforts misleads the consuming public and tends falsely to represent or designate that K-40's products are made in the United States.

28. K-40's conduct violates 19 U.S.C. § 1304.

29. K-40's conduct constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a), which is likely to damage Escort, for which Escort is without an adequate remedy at law, and has caused Escort to suffer monetary damage in an amount thus far not determined.

30. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

## **Count IV - Unfair Competition**

31. This is a cause of action for unfair competition under the common law of the State of Ohio

32. The allegations of paragraphs 1-31 are incorporated by reference as though fully set forth herein.

33. On information and belief, K-40 is marketing, offering for sale and selling radar detectors and is doing so without designating the country of origin of those radar detectors, or is improperly designating the country of origin of those radar detectors.

34. K-40's omission or improper designation of the country of origin of its radar detectors in its sales and marketing efforts misleads the consuming public and tends falsely to represent or designate the origin K-40's products.

35. K-40's omission or improper designation of the country of origin of its radar detectors in its sales and marketing efforts misleads the consuming public and tends falsely to represent or designate that K-40's products are made in the United States.

36. K-40's conduct violates 19 U.S.C. § 1304.

37. K-40's conduct constitutes unfair competition under the common law of the State of Ohio, which is likely to damage Escort, for which Escort is without an adequate remedy at law, and has caused Escort to suffer monetary damage in an amount thus far not determined.

38. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

## Count V - Violation of Ohio Statutory Law

39. This is a cause of action for violation of the laws of the State of Ohio, and in particular the Ohio Deceptive Trade Practices Act, O.R.C. § 4165, et seq.

40. The allegations of Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

41. On information and belief, K-40 is marketing, offering for sale and selling radar detectors and is doing so without designating the country of origin of those radar detectors, or is improperly designating the country of origin of those radar detectors.

42. K-40's omission or improper designation of the country of origin of its radar detectors in its sales and marketing efforts misleads the consuming public and tends falsely to represent or designate the origin K-40's products.

43. K-40's omission or improper designation of the country of origin of its radar detectors in its sales and marketing efforts misleads the consuming public and tends falsely to represent or designate that K-40's products are made in the United States.

44. K-40's conduct violates 19 U.S.C. § 1304.

45. K-40's conduct constitutes a violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165, *et seq.*, which violation is likely to damage Escort, for which Escort is without an adequate remedy at law.

46. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

**WHEREFORE**, Escort prays for relief against K-40 as follows:

A. That a judgment be entered that K-40 has infringed United States Letters Patent Nos. 6,670,905 and 7,999,721;

B. That K-40, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with it, be enjoined and restrained preliminarily and permanently from infringing United States Letters Patent Nos. 6,670,905 and 7,999,721;

8

C. That a judgment be entered that K-40 be required to pay over to Escort all damages sustained by Escort due to such acts of infringement and that such damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complaint of herein;

D. That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Escort to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

E. That a judgment be entered that K-40 has violated 15 U.S.C. § 1125(a), Ohio common law of unfair competition, and the Ohio Deceptive Trade Practices Act, O.R.C. § 4165, *et seq*;

F. That K-40, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with it, be enjoined and restrained preliminarily and permanently from offering for sale and selling radar detectors without designating the country of origin of those radar detectors, or improperly designating the country of origin of those radar detectors;

G. That a judgment be entered that K-40 be required to pay over to Escort all damages sustained by Escort due to K-40's violations of 15 U.S.C. § 1125(a), Ohio common law of unfair competition, and the Ohio Deceptive Trade Practices Act, O.R.C. § 4165, *et seq*;

H. That Escort be awarded its costs and prejudgment interest on all damages;

I. That K-40 be required to file with the Court within 30 days after entry of the final judgment of this case a written statement under oath setting forth in detail the manner in which K-40 has complied with the judgment; and,

J.	That Escort be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Escort hereby demands and requests trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated: December 6, 2012

s/ Brett A. Schatz
Gregory F. Ahrens  (0038627)
gahrens@whe-law.com
Brett A. Schatz  (0072038)
bschatz@whe-law.com
*Trial Attorneys*
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202
Telephone:	(513) 241-2324
Facsimile:	(513) 241-6234

Attorneys for Escort Inc.